996

· MARINE v. WRIGHT.*

Patent Appeal No. 3405.

Court of Customs and Patent Appeals.

Feb. 4, 1935.

Richard E. Marine, pro se.

Charles M. Thomas and Francis D. Thomas, both of Washington, D. C., and Marcus Lothrop, of San Francisco, Cal., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner of Interferences, awarding priority of invention to appellee in an interference proceeding between the parties hereto.

There is but one count involved, which reads as follows: "In a vehicle construction in combination, a body post provided with a front face substantially in alignment with the driver's forward line of vision past

said post, and a windshield end frame member having a front face normally in substantial alignment with the front face of said body post."

The interference arises between an application of appellant filed March 31, 1928, serial No. 266,340, and an application of appellee filed March 1, 1926, serial No. 91,322; appellee is therefore the senior party.

Originally there were additional parties to the interference, but apparently they were eliminated in proceedings not shown in the record before us, and the only parties now concerned in the interference are appellant and appellee.

The parties hereto filed preliminary statements; appellant alleging conception of the invention and disclosure to others in January, 1926. Appellee alleged conception of the invention on or about December 15, 1924, and disclosure to others on or about December 28, 1924.

No testimony was taken by either party, but appellant moved to dissolve the interference upon the ground that appellee had no right to make the claim corresponding to the count here involved, alleging that appellee's application failed to disclose the invention embraced in the count, and further contending that if the count be construed to read upon appellee's disclosure it is unpatentable over the prior art. This motion was denied. Appellant entered a motion for rehearing, which was denied in a decision by the Examiner again holding that appellee could make the claim corresponding to the count.

The case then went to final hearing upon the record. The Examiner of Interferences again held that appellee had the right to make the claim corresponding to the count here involved, and declined to consider the question of patentability of the claim with respect to the prior art. He therefore awarded priority of invention to appellee; he being the senior party.

Upon appeal, the Board of Appeals affirmed the decision of the Examiner of Interferences, expressly holding that appellee had the right to make a claim corresponding to the count. No mention is made in the Board's decision with respect to the patentability of the count over the prior art. Appellant's notice of appeal from the decision of the Examiner of Interferences to the Board of Appeals does not appear in the record, and therefore we cannot say whether the question of the refusal of the Examiner of Interferences to consider the patentability of the count as construed by him

*Appellant's petition for rehearing denied March 25, 1935.

was assigned as one of appellant's reasons of appeal.

After the decision of the Board, appellant filed a motion for rehearing; said motion was denied, the board again affirming the right of appellee to make the claim. Thereupon appellant filed notice of appeal to this court.

There is only one question before us, viz., the right of appellee to make the claim corresponding to the count here in issue. While appellant in his reasons for appeal assigns error by the Board in refusing to consider prior art in determining the scope of the claim, that question cannot be considered by us. It is well established that we are not at liberty in a proceeding of this character to inquire whether the interpretation given a count by the Patent Office tribunals renders the count unpatentable over the prior art. Marshall and Levandosky v. Ledwinka, 67 F.(2d) 495, 21 C. C. P. A. (Patents) 728, and cases therein cited.

As indicated by the count, the invention embraced therein relates to the special construction of a body post, or corner post, adjacent to the windshield of a closed automobile; the particular construction involved being the location of its front face with respect to the line of vision of the driver. Corner posts or pillars are provided having sufficient strength and rigidity to support the roof of the body without obscuring the vision of the driver. To accomplish this, the corner posts are elongated in cross-section and positioned at an angle in the line of vision of the driver, thus eliminating "blind spots."

The count before us does not embrace the entire post, but only the front face thereof and the front face of the windshield end frame member.

The controverted question before us is, Does the application of appellee disclose a body post or pillar provided with a front face substantially in alignment with the driver's forward line of vision past said post, as called for by the count?

It is so well established as not to require citation of authority that concurring decisions of the Patent Office tribunals upon questions of fact will not be reversed by us unless manifestly wrong. One Examiner of Interferences, in two decisions, affirmed the right of appellee to make the claim. Another Examiner of Interferences, upon final hearing, affirmed appellee's right to make the claim, and the Board of Appeals in two decisions affirmed such right. We therefore have before us five decisions of Patent Office tribunals affirming appellee's right to make the claim, and we would not be warranted in reversing such finding unless it is manifest that said tribunals were wrong.

Appellee's disclosure consists of his written specification and two drawings, Figs. 1 and 2. Fig. 1 is described as a plan view of the automobile with the vision lines indicated thereon. There is apparently no attempt to show structural details of the post in Fig. 1. Fig. 2 is described as showing the form of the front pillar or post and fragments of vision lines. This drawing shows the parts in detail and can readily be understood.

It is appellant's contention that the disclosure of Fig. 2 is inconsistent with the disclosure of Fig. 1; that in so far as Fig. 2 does disclose the invention here in issue it is due wholly to errors of the draftsman, and that the showing is accidental and not in accord with, but contrary to, the terms of the written specification.

There does seem to be some inconsistency between appellee's Figs. 1 and 2 as indicated by the projected lines of vision. The Examiner of Interferences suggested that it probably was the intention to represent in the two figures two different types of posts. Appellant vigorously contests this suggestion and points to provisions in appellee's specification indicating he had only one form of structure in mind.

However, the tribunals of the Patent Office held that Fig. 2, showing the detailed construction of the pillar or post, discloses a front face in substantial alignment with the driver's line of vision, that certain recitals in the specification support the disclosure of Fig. 2, and that, considering Fig. 2 in connection with such recitals, appellee's application discloses the invention here involved.

It would be difficult to describe intelligibly the particular features of appellee's Figs. 1 and 2 which are in controversy without the reproduction of such drawings, and we do not deem it necessary to do so. Appellant's contention is based principally upon differences in the "geometrical angles" shown in the respective drawings and referred to in the specification.

Appellant has very ably and earnestly pressed his contention upon us, both in his brief and upon oral argument; but, upon a study of the drawings and recitals in the specification of appellee relating thereto, re-

998

lied upon by the Patent Office tribunals, we are not convinced that said tribunals were manifestly wrong in their conclusions that appellee's application discloses the invention here involved. This being our conclusion, we deem it unnecessary to amplify this opinion.

Certain it is that the applications of both parties hereto. were directed to the solution of a single problem, and we are of the opinion that appellee's Fig. 2 discloses substantially the same solution of the problem as is disclosed by appellant, so far as the front face of the post is concerned. The only way by which the force and effect of Fig. 2 as disclosing the invention may be avoided is by holding that the figure does not represent appellee's inventive idea, but is the result of errors of the draftsman. In view of the unanimous holdings of the Patent Office tribunals that Fig. 2 of appellee does properly disclose the invention here involved, taken in connection with recitals in the specification, we are unable to find error in the decision of the Board of Appeals.

We may add that the second element of the count, viz., " * * * a windshield end frame member having a front face normally in substantial alignment with the front face of said body post," is clearly disclosed by appellee.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.