## MARINE v. COE, Com'r of Patents.
### No. 65128.

District Court of the United States for the District of Columbia.

Feb. 29, 1940.

C. S. Grindle, of Washington, D. C., for plaintiff.

H. S. Mackey, of Washington, D. C., for the Commissioner of Patents.

MORRIS, Justice.

This is a suit arising under Section 4915 of the Revised Statutes, 35 U.S.C.A., § 63, as amended by Act of March 2, 1927, and Act of March 2, 1929, to secure an adjudication that the plaintiff is entitled, according to law, to receive a patent for the inventions as specified in his claims 5, 57 and 58 of his application for Automobile Body Construction, Serial No. 266,340, filed March 31, 1928, as a division of his application, Serial No. 161,179, filed January 14, 1927, or for any part thereof, as the facts in the case may appear, which claims have been refused by the defendant.

The three claims have to do with the construction of an automobile front body post assembly, the object being to obtain a corner post assembly of additional strength without increasing the obstruction to the vision of the driver, or reducing such obstruction to vision without decreasing the strength of the corner post assembly. The three claims here involved are as follows:

"5. In a vehicle construction in combination, a body post having a face in alignment with the driver's line of vision past the same and a door frame and member substantially within the blind angle subtended by said post with the driver's eye."

"57. In a vehicle construction, a body post whose cross-sectional area extends to and is bounded on one side for substantially its full length by the driver's line of vision past said side, and a window end frame member normally lying within the blind angle subtended by the post with the driver's eye.

"58. In a vehicle body construction, a body post assembly, including at least one movable panel supporting member the cross-sectional area of said assembly extending to and being substantially bounded on each of two of its sides for substantially the full length of the assembly by the driver's respective lines of vision past said respective sides."

An interference proceedings, No. 61,642, was had, involving the plaintiff and Edward A. Wright, the count of interference reading as follows: "In a vehicle construction in combination, a body post provided with a front face substantially in alignment with the driver's forward line of vision past said post; and a windshield and frame member having a front face normally in substantial alignment with the front face of said body post." These proceedings were decided adversely to the plaintiff and, upon appeal from the Board of Appeals, the Court of Custom and Patent Appeals, Marine v. Wright, 74 F.2d 996, affirmed that action. It is considered that this interference count reads on the structure disclosed in plaintiff's claims Nos. 5 and 57, and it would, therefore, seem that such claims are disposed of adversely to the plaintiff by that litigation. If, however, technically, the matter is not res judicata, the reasoning employed by the Court of Custom and Patent Appeals in that case compels the same conclusion. The Wright patent provides a front corner post assembly with no greater obstruction to vision and with more supporting strength than those previously employed. The drawings of the Wright patent show the front face of the assembly to be in substantial alignment with the driver's forward line of vision past said post. In so far as the claims of the peti-

tioner relate to one face of the front corner post assembly, there is no critical difference. The plaintiff insists that the assembly disclosed by him in claims 5 and 57 has one face in alignment with the driver's vision, whereas the Wright structure is only *substantially* bounded by such line of vision, and even this quality is due to the "accidental" draftsmanship of the drawings in the Wright patent. Laying aside the very complicated argument as to the geometry of the drawings, it suffices that the Wright specifications do show a substantial alignment on one face of the assembly, and that, for practical purposes, is all that plaintiff's structure accomplishes. So the conclusion is reached that the plaintiff is not entitled to the relief sought with respect to claims 5 and 57.

I am convinced, however, that the plaintiff's claim No. 58 stands differently. In the proceedings had before the Board of Appeals in the Patent Office, it was considered that claim 58 should be rejected for lack of invention over the patent of J. O. Richard, et al., No. 1,441,299. That patent disclosed a structure for front corner posts "formed each of a channel skewed forward and outward from the dash to interfere as little as possible with the line of vision of the driver." The evidence taken at the hearing before this Court very clearly showed the need for clear vision and for substantial strength. The narrower the post assembly is, the better vision the driver has, but strength is sacrificed unless a way is shown for compensating the loss of width. The Richard patent does not do this. It was argued at the hearing that the Wright patent, which is roughly in diamond shape, accomplishes substantial alignment with vision on *both faces* of the assembly, but I cannot agree that this is so. The front face, as has been stated above, is in substantial alignment with the driver's line of vision past that structure, but neither the specifications in the Wright patent, nor the accompanying drawings show the other face to be in such alignment. The plaintiff, in the claim under consideration, puts emphasis upon extending both faces along the lines of vision and using all of the space between both faces for the post assembly, thus giving additional strength without further obstructing vision, or maintaining the same strength and securing better vision.

It is of the greatest public interest that improvements in this field be stimulated and recognized. With the appalling toll claimed by automotive vehicular traffic, the slightest advance which makes for safety of persons using such vehicles, or persons using the streets and roads upon which they are operated, is an important advance, even if it does no more than teach others to make further advance. I cannot agree that the rectangular front post assembly, having each face in substantial alignment with the lines of vision as disclosed by the plaintiff, does no more than that which has previously been done. The conclusion is, therefore, reached that the relief sought with respect to claim 58 should be allowed.